No. 23-3565

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

LARRY HOUSEHOLDER,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Ohio
Case No. 1:20-cr-77-1

**APPELLANT LARRY HOUSEHOLDER'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL APPELLATE BRIEF**

Defendant Larry Householder moves the Court for leave to file a supplemental appellate brief, which raises one additional argument. Alternatively, Householder seeks leave to file an amended appellate that merely adds this one additional argument. A copy of Householder's proposed supplemental brief is filed contemporaneously with this motion. In that brief, Householder seeks leave to argue—in addition to the other

1

arguments he raised in his opening brief—that the district court's admonition to Householder that he could not "discuss [his] testimony during" an overnight recess violated his Sixth Amendment right to counsel. (R. 228, Tr. 21-3441, PageID 8611). At least five circuit courts have found similar instructions erroneous under *Geders v. United States*, 425 U.S. 80 (1976), and *Perry v. Leeke*, 488 U.S. 272 (1989):

- *United States v. Cavallo*, 790 F.3d 1202, 1212 (11th Cir. 2015) (holding that the district court's order that the defendant "could not discuss his testimony with 'anyone,'" during an overnight recess "but that he could talk to his lawyer about his 'constitutional rights'" to be error);

- *United States v. Sandoval-Mendoza*, 472 F.3d 645, 652 (9th Cir. 2006) ("[W]e conclude that the district court erred in prohibiting Sandoval-Mendoza and his lawyer from discussing his testimony during an overnight recess.");

- *United States v. Santos*, 201 F.3d 953, 965 (7th Cir. 2000) ("*Perry* [*v. Leeke*, 488 U.S. 272 (1989)] makes clear … that while the judge may instruct the lawyer not to coach his client, he may not forbid all consideration of the defendant's

2

{02034249-1}

ongoing testimony during a substantial recess, since that would as a practical matter preclude the assistance of counsel across a range of legitimate legal and tactical questions, such as warning the defendant not to mention excluded evidence.") (cleaned up);

- *United States v. Cobb*, 905 F.2d 784, 792 (4th Cir. 1990) ("We have no difficulty in concluding that the trial court's order, although limited to discussions of Cobb's ongoing testimony, effectively denied him access to counsel."); and

- *Mudd v. United States*, 798 F.2d 1509, 1512 (D.C. Cir. 1986) ("In short, there is no question that even a limited order such as the one here conflicts with sixth amendment rights. While concerns about improper attorney influence are legitimate (although there is no evidence of it in the case before us), *Geders* [*v. United States*, 425 U.S. 80 (1976)] makes clear that courts may not balance the danger of altered testimony against the right to counsel.").

Householder acknowledges that he neither objected to the district court's admonition at trial nor raised this argument in his opening brief.

But good cause exists to grant him leave to file a supplemental brief or an amended brief. To begin, the government has yet to file its answering brief, which is not due until late June (Dkt. 32), and Householder would not object to an additional extension of time to permit the government sufficient time to address the argument raised in the supplemental brief. The government thus will not be prejudiced by having to respond to this additional argument. Moreover, the Court granted Householder leave to file an oversized opening brief of no more than 20,000 words. (Dkt. 25). His opening brief contained 16,009 words, and the supplemental brief is 1,663 words—therefore, Householder's briefing, even in the aggregate, complies with the Court's type-volume limit.

At bottom, the Court should grant leave to resolve the issue presented in the supplemental brief on the merits. Householder is serving a 20-year prison sentence—the maximum sentence permitted by law. This Court should consider on the merits the substantial constitutional issue raised in that brief.

For these reasons, the Court should grant leave and allow Householder to file a supplemental brief.

Dated: June 11, 2024 　　　　　Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Larry Householder*

## CERTIFICATE OF COMPLIANCE

This motion contains 608 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski

*Counsel for Larry Householder*

{02034249-1}

## CERTIFICATE OF SERVICE

I certify that on June 11, 2024, I filed the foregoing electronically with the Clerk of the United States Court of Appeals for the Sixth Circuit. The Court's ECF system will automatically generate and send by email a Notice of Docket Activity to all registered attorneys currently participating in this case, constituting service on those attorneys.

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski

*Counsel for Larry Householder*

{02034249-1}