UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

United States of America,
    *Plaintiff-Appellee,*

v.                                 No. 23-3565

Larry Householder,
    *Defendant-Appellant.*

_____

Plaintiff-Appellee's Response to Defendant-Appellant's Motion for Leave to File Supplemental Brief

_____

The United States of America opposes Defendant-Appellant Larry Householder's motion for leave to file a supplemental brief.

On February 26, 2024, after multiple extensions of time, and while a motion for extra pages was pending, Householder filed a principal brief raising six legal issues. Now, months later, Householder seeks leave to raise an additional legal issue.[1]  But he provides no explanation as to why he could not have presented this issue in his

---

[1] For the first time on appeal, Householder seeks to argue "that the district court's admonition . . . that he could not 'discuss [his] testimony during' an overnight recess violated his Sixth Amendment right to counsel." (Dkt. 33 (quoting R. 228, tr., 8611).) What the district court actually said was this: "Mr. Householder, you're not to discuss your testimony during the break. You can speak to your attorneys however, understood?" (R. 228, tr., 8611.)

initial brief. Indeed, the cases he relies on are not new. *Cf. United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014) (observing precedent "that an issue is waived when it is not raised in the appellant's opening brief" but recognizing exception where intervening authority arises).

The Federal Rules of Appellate Procedure do not contemplate the filing of a supplemental brief in this circumstance. "[A] defendant— whether represented by counsel or proceeding *pro se*—must file a single brief." *United States v. Montgomery*, 592 F. App'x 411, 415 (6th Cir. 2014); *see* Fed. R. App. P. 31(a) ("The appellant must serve and file *a brief* . . . .") (emphasis added)). "Once the defendant has done so, issues unaddressed by the original brief may not later be raised." *Montgomery*, 592 F. App'x at 415 (citing *United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008)); *see Jaiyeola v. Brundage*, No. 23-1572, 2024 U.S. App. LEXIS 6449 (6th Cir. Jan. 17, 2024) (denying motion for reconsideration of order denying leave to file supplemental brief, where *pro se* litigant "d[id] not explain why he was prevented from presenting all of his issues and arguments in his opening brief," because "[w]e do not excuse *pro se* litigants from complying with straightforward procedural rules").

2

This makes good sense. The orderly adjudication of appeals would be disrupted if litigants were able to raise additional legal issues, without justification, after submitting their briefs.

Permitting the supplemental brief here would also result in Householder filing opening briefs totaling 17,672 words and effectively extending his briefing schedule by several months. Although this Court granted Householder's motion to file an oversized brief of 20,000 words, it did so after Householder had already filed a brief of 16,009 words. (Dkt. 21, 22, 25.) Contrary to Householder's suggestion, it is thus not at all clear that this Court would have granted him leave to file an oversized brief in excess of that which he previously filed.

## CONCLUSION

For these reasons, the Court should deny Householder's motion for leave to file a supplemental brief.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/ Alexis J. Zouhary
ALEXIS J. ZOUHARY
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
alexis.zouhary@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing Plaintiff-Appellee's Response was filed with the Court's CM/ECF system this 14th day of June, 2024, and served electronically on all parties.

s/ Alexis J. Zouhary
ALEXIS J. ZOUHARY
Assistant United States Attorney