No. 23-3565

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LARRY HOUSEHOLDER,

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Southern District of Ohio
Case No. 1:20-cr-77-1

---

**SUPPLEMENTAL BRIEF OF
APPELLANT LARRY HOUSEHOLDER**

---

Steven L. Bradley
MAREIN & BRADLEY
526 Superior Avenue
Suite 222
Cleveland, Ohio 44114
(216) 781-0722

Nicholas R. Oleski
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
(216) 696-1422

*Counsel for Larry Householder*

June 11, 2024

{02035716-2}

# TABLE OF CONTENTS

**Page**

Table of Authorities ..................................................................................ii

Statement of Issues ....................................................................................1

Introduction .................................................................................................2

Argument ......................................................................................................2

I.    The district court violated Householder's Sixth Amendment
right to counsel with its instructions during his testimony. ...........2

    A.    The district court prohibited Householder from
discussing his testimony. ......................................................2

    B.    The standard of review is plain error. ...................................3

    C.    The district court's prohibition on Householder
discussing his testimony during the overnight recess is
clear error. ...............................................................................4

    D.    The district court's prohibition on Householder
discussing his testimony during the overnight recess is
structural error. .....................................................................8

    E.    The district court's prohibition on Householder
discussing his testimony during the overnight recess is
plain error. ..............................................................................9

Conclusion ..................................................................................................10

Certificate of Compliance .......................................................................11

Certificate of Service ...............................................................................12

Designation of Relevant District Court Documents ..............................13

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Beckham v. Crews,*
515 F. App'x 355 (6th Cir. 2013)......................................................7, 8

*Geders v. United States,*
425 U.S. 80 (1976)....................................................................4

*Mudd v. United States,*
798 F.2d 1509 (D.C. Cir. 1986) ..........................................................6

*Perry v. Leeke,*
488 U.S. 472 (1989)....................................................................5

*United States v. Cavallo,*
790 F.3d 1202 (11th Cir. 2015) ......................................................5, 6

*United States v. Cobb,*
905 F.2d 784 (4th Cir. 1990)............................................................6

*United States v. Mahbub,*
818 F.3d 213 (6th Cir. 2016)......................................................4, 7, 9

*United States v. Sandoval-Mendoza,*
472 F.3d 645 (9th Cir. 2006)..........................................................5, 6

*United States v. Santos,*
201 F.3d 953 (7th Cir. 2000)..........................................................5, 7

*United States v. Torres,*
997 F.3d 624 (5th Cir. 2021)......................................................6, 7, 9

*United States v. Vasquez Cavazos,*
950 F.3d 329 (6th Cir. 2020)............................................................7

{02035716-2}

*Van v. Jones,*
    475 F.3d 292 (6th Cir. 2007).....................................................................9

## Rules

Fed. R. Crim. P. 52(b).................................................................................3

## Constitutional Provisions

U.S. Const. amend. VI................................................................................4

{02035716-2}

## STATEMENT OF ISSUES

1.    Did the district court violate Defendant Larry Householder's Sixth Amendment rights by prohibiting Householder from discussing his testimony with his counsel during an overnight recess?

{02035716-2}

## INTRODUCTION

When Defendant Larry Householder exercised his constitutional right to testify in his defense, he was denied his right to counsel during an overnight recess. The district court barred Householder—in the middle of his direct examination and with cross-examination by the government forthcoming—from discussing his testimony with his counsel during a 17-hour overnight recess. This is error, this error is structural, and this error is plain. A new trial is required.

## ARGUMENT

**I.**    **The district court violated Householder's Sixth Amendment right to counsel with its instructions during his testimony.**

    **A.**    **The district court prohibited Householder from discussing his testimony.**

Householder testified in his defense, and his testimony spanned two trial days. He took the stand at approximately 11:45 am on March 1, 2023 (R. 228, Tr. 21-3310-11, PageID 8480-81) and was still on the stand on direct examination when the trial court recessed for the day at approximately 4:30 pm (*id.*, PageID 8610). At that time, the district court instructed Householder that although he could "speak to [his] attorneys,"

he could "not [] discuss [his] testimony during the break."[1] (*Id.*, PageID 8611). Householder did not object to that instruction.

He then retook the witness stand approximately 17 hours later. (R. 229, Tr. 22-3446, PageID 8616). Following about an hour of direct examination (*see id.*, PageID 8653), Householder was then cross-examined by the government, during which the government alleged that Householder perjured himself in his direct examination. (*See* R. 277, PSR ¶ 58, PageID 10967).

**B.    The standard of review is plain error.**

Because Householder did not object to the district court's instruction, this Court reviews for plain error. Fed. R. Crim. P. 52(b). To establish plain error, Householder must show (1) "legal error," (2) the error was "clear," (3) the error "affected" his "substantial rights in that it affected the outcome of the district court proceedings," and (4) "the error … seriously affected the fairness, integrity, or public reputation of the

---

[1] During brief recesses during Householder's testimony—including the lunch recess—the district court admonished Householder that he could not "discuss" his "testimony during the break." (*E.g.*, R. 228, 21-3336-37, PageID 8506-07; *id.*, Page ID 8562). The court carved out no exception for Householder consulting with his counsel during these recesses.

3

judicial proceedings." *United States v. Mahbub*, 818 F.3d 213, 223 (6th Cir. 2016) (cleaned up).

> ### C. The district court's prohibition on Householder discussing his testimony during the overnight recess is clear error.

The Sixth Amendment guarantees a criminal defendant the right to the assistance of counsel for his defense. U.S. Const. amend. VI. Two Supreme Court cases set the framework for when and whether a district court may tell a criminal defendant that he cannot consult his counsel while testifying.

In *Geders v. United States*, the Court held that the district court's order directing the defendant "not to consult his attorney during a regular overnight recess," "while" the defendant "was on the stand as a witness and shortly before cross-examination was to begin, deprived him of the assistance of counsel in violation of the Sixth Amendment." 425 U.S. 80, 81 (1976). The Court—in reversing the defendant's conviction—recognized that the "sustained barrier to communication between [the] defendant and his lawyer" unconstitutionally "impinged upon [the defendant's] right to the assistance of counsel guaranteed by the Sixth Amendment." *Id.* at 91.

4

In contrast, in *Perry v. Leeke*, the Court held that during a short recess—15 minutes in duration—a trial judge could, without violating the Sixth Amendment, bar the defendant from speaking with his counsel. 488 U.S. 272, 284-85 (1989). But the Court affirmed its holding in *Geders* because an overnight recess is "of a different character" than the brief recess in *Perry*. *Id.* at 284. During an overnight recess, the defendant and his counsel may discuss "matters that go beyond the content of the defendant's own testimony—matters that the defendant does have a constitutional right to discuss with his lawyer, such as the availability of other witnesses, trial tactics, or even the possibility of negotiating a plea bargain. It is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial related matters that is controlling in the context of a long recess." *Id.*

Since *Geders* and *Perry*, every circuit court that has confronted the issue before this Court has concluded that a judge's instruction barring a criminal defendant from discussing his testimony during an overnight recess is error. *United States v. Cavallo*, 790 F.3d 1202, 1213 (11th Cir. 2015); *United States v. Sandoval-Mendoza*, 472 F.3d 645, 651 (9th Cir. 2006); *United States v. Santos*, 201 F.3d 953, 965 (7th Cir. 2000); *United*

5

*States v. Cobb*, 905 F.2d 784, 792 (4th Cir. 1990); *Mudd v. United States*, 798 F.2d 1509, 1510 (D.C. Cir. 1986); *see also United States v. Torres*, 997 F.3d 624, 627 (5th Cir. 2021) (finding that district court's instruction that the defendant could not "speak[] with his counsel during a 13-hour overnight recess declared in the middle of his direct examination" to be plain error). This is so even if the judge—as the judge did here—permits the defendant to speak with his lawyer about matters other than his testimony. *See Cavallo*, 790 F.3d at 1212 (holding that order that defendant "could not discuss his testimony with 'anyone,' but that he could talk to his lawyer about his 'constitutional rights'" was reversible error); *Sandoval-Mendoza*, 472 F.3d at 651 ("we conclude that trial courts may prohibit all communication between a defendant and his lawyer during a brief recess before or during cross-examination, but may not restrict communications during an overnight recess"); *Cobb*, 905 F.2d at 792 ("We have no difficulty in concluding that the trial court's order, although limited to discussions of Cobb's ongoing testimony, effectively denied him access to counsel."). As the Seventh Circuit explained, "while the judge may instruct the lawyer not to coach his client, he may not forbid all 'consideration of the defendant's ongoing testimony' during a substantial recess,

6

since that would as a practical matter preclude the assistance of counsel across a range of legitimate legal and tactical questions, such as warning the defendant not to mention excluded evidence." *Santos*, 201 F.3d at 965 (quoting *Perry*, 488 U.S. at 284). The district court here did just that. Under these cases—and the Supreme Court's decisions in *Geders* and *Perry*—the district court's instruction is error.

This error is clear. The Supreme Court's cases in *Geders* and *Perry* set the guideposts here. *Geders* bars a court from prohibiting a defendant from consulting with his counsel during a 17-hour overnight recess while he is testifying—the same thing the district court did here. And when the Supreme Court has spoken, the error is clear. *See United States v. Vasquez Cavazos*, 950 F.3d 329, 337 n.3 (6th Cir. 2020); *United States v. Mahbub*, 818 F.3d 213, 224 (6th Cir. 2016); *United States v. Torres*, 997 F.3d 624, 628 (5th Cir. 2021) (finding plain error under *Geders*).

This Court's unpublished decision in *Beckham v. Crews* is not to the contrary. 515 F. App'x 355 (6th Cir. 2013). There, under the deferential AEDPA standard, this Court held that the Kentucky Supreme Court's decision that "the trial judge did not abridge Beckham's Sixth Amendment right to counsel by preventing him from discussing his ongoing

testimony with his lawyers during [a] 20-minute morning break" was not objectively unreasonable. *Id.* at 360. The facts and the standard here are much different. Here, the judge prevented Householder from consulting with his counsel during a 17-hour overnight recess—not merely a 20-minute break.[2] And here, this Court is not applying the highly deferential AEDPA standard as it did in *Beckham*. Therefore, *Beckham* does not control.

At bottom, the trial judge's bar on Householder communicating with his lawyers about his testimony is clear error.

## D.    The district court's prohibition on Householder discussing his testimony during the overnight recess is structural error.

Under this Court's caselaw, "a complete absence of counsel at a critical stage of a criminal proceeding is a per se Sixth Amendment violation warranting reversal of a conviction, a sentence, or both, as applicable,

---

[2] Admittedly, the trial judge in *Beckham* prevented the defendant from speaking with his counsel during an overnight recess too. 515 F. App'x at 356. But the defendant "failed to raise that issue on direct appeal and later in his habeas petition," and his only preserved challenge was to the judge's bar on communication during a short recess. *Id.* at 358. As this Court explained, "the overnight order appears to have infringed on Beckham's Sixth Amendment rights"—exactly what Householder contends here. *Id.*

without analysis for prejudice or harmless error." *Van v. Jones*, 475 F.3d 292, 311-12 (6th Cir. 2007). "The Supreme Court and this Circuit have recognized that a defendant who is barred from all communication with his attorney during an overnight recess is denied the assistance of counsel during a 'critical stage' of his trial." *Torres*, 997 F.3d at 628 (citing *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984), and *United States v. Pleitez*, 876 F.3d 150, 158 (5th Cir. 2017)). Householder was denied access to counsel during a critical stage of the trial. This is structural error.

### E. The district court's prohibition on Householder discussing his testimony during the overnight recess is plain error.

When an error is structural, this Court's plain-error review is modified. Householder need only show "that the first two elements have been met—*i.e.*, that the district court made an (1) error that was (2) clear." *United States v. Mahbub*, 818 F.3d 213, 224 (6th Cir. 2016). As shown above, the district court's instruction was clear error. This Court should reverse—as Householder has demonstrated plain error.

# CONCLUSION

For these reasons, the Court should reverse Householder's conviction and remand for a new trial.

Dated: June 11, 2024                  Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Larry Householder*

10

# CERTIFICATE OF COMPLIANCE

This brief contains 1,663 words, excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski

*Counsel for Larry Householder*

11

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2024, I filed the foregoing electronically with the Clerk of the United States Court of Appeals for the Sixth Circuit. The Court's ECF system will automatically generate and send by email a Notice of Docket Activity to all registered attorneys currently participating in this case, constituting service on those attorneys.

/s/ *Nicholas R. Oleski*
Nicholas R. Oleski

*Counsel for Larry Householder*

12

DESIGNATION OF
RELEVANT DISTRICT COURT DOCUMENTS

| R. | Description | Page ID |
|---|---|---|
| 5 | Redacted Complaint | 91-172 |
| 22 | Indictment | 1247-1289 |
| 63 | Juan Cespedes Plea Agreement | 1415-1421 |
| 64 | Jeffrey Longstreth Plea Agreement | 1422-1428 |
| N/A | Minute Entry as to Juan Cespedes (10/29/2020) | N/A |
| N/A | Minute Entry as to Jeff Longstreth (10/29/2020) | N/A |
| 78 | Generation Now Plea Agreement | 1558-1565 |
| N/A | Minute Entry as to Generation Now, Inc. (02/19/2021) | N/A |
| 88 | Order Granting Motion to Dismiss Neil Clark | 1591 |
| 104 | Motion to Strike Prejudicial Surplusage from Indictment by Matthew Borges | 1734-1753 |
| 105 | Motion to Dismiss the Indictment by Larry Householder | 1754-1770 |
| 107 | Motion to Strike Surplusage from Indictment by Larry Householder | 1784-1791 |
| 110 | Response in Opposition to Motion to Strike Surplusage | 2534-2536 |
| 112 | Response in Opposition to Motion to Dismiss Indictment | 2548-2584 |
| 113 | Response in Opposition to Motion to Strike Prejudicial Surplusage | 2585-2606 |

13

| R. | Description | Page ID |
|---|---|---|
| 115 | Reply to Response to Motion to Stike Prejudicial Surplusage | 3356-3376 |
| 116 | Reply to Response to Motion to Dismiss Indictment | 3377-3390 |
| 117 | Reply to Response to Motion to Sever Defendant | 3391-3394 |
| 122 | Notice of Disclosure of Subjects of Potential Expert Testimony | 3456-3457 |
| 129 | Motion to Exclude Irrelevant and Inadmissible Expert Testimony | 3580-3594 |
| 133 | Response in Opposition to Motion to Exclude Expert Testimony | 3730-3741 |
| 135 | Reply to Response to Motion to Exclude Expert Testimony | 3744-3748 |
| 138 | Motion in Limine to Preclude Argument and Evidence Supporting Jury Nullification | 3759-3772 |
| 141 | Motion in Limine to Exclude Certain Alleged Co-Conspirator Hearsay | 3788-3798 |
| 142 | Motion in Limine to Exclude Certain Prejudicial Evidence and Argument | 3799-3806 |
| 144 | Response in Opposition to Motion in Limine to Exclude Certain Alleged Co-Conspirator Hearsay | 3811-3830 |
| 145 | Response in Opposition to Motion in Limine to Exclude Certain Prejudicial Evidence and Argument | 3831-3834 |
| 150 | Response in Opposition to Motion in Limine to Preclude Argument n Evidence Supporting Jury Nullification | 3853-3863 |

{02035716-2}

| R. | Description | Page ID |
|---|---|---|
| 153 | Reply to Response to Motion in Limine to Preclude Argument and Evidence Supporting Jury Nullification | 3876-3884 |
| 157 | Reply to Response to Motion in Limine to Exclude Certain Prejudicial Evidence and Argument | 3900-3903 |
| 158 | Reply to Response to Motion in Limine to Exclude Certain Alleged Co-Conspirator | 3904-3908 |
| 159 | Notice of Supplemental Authority in Support of Motion to Dismiss Indictment | 3909-3911 |
| 160 | Notice of Government's Response to Defendant Householder's Supplemental Authority in Support of Motion to Dismiss Indictment | 3912-3913 |
| 161 | Order resolving Motions in Limine | 3914-3937 |
| 168 | Order Resolving Parties' Motions to Exclude/Limit Testimony of Expert Witnesses | 3945-3970 |
| 172 | Order Denying Motion to Dismiss as to Larry Householder | 4003-4015 |
| 174 | Proposed Jury Instructions by Larry Householder, Matthew Borges | 4030-4118 |
| 175 | Proposed Jury Instructions by USA | 4119-4164 |
| 177 | Trial Brief by USA | 4310-4335 |
| 178 | Response to Trial Brief | 4336-4347 |

15

| R. | Description | Page ID |
|---|---|---|
| 180 | Final Pretrial Order | 4349-4359 |
| 181 | Motion to Exclude Plea Agreements, Cooperation Agreements, and Immunity Orders | 4360-4369 |
| 182 | Transcript of Proceedings, Final Pretrial Conference | 4370-4461 |
| 184 | Response in Opposition as to Motion to Exclude | 4464-4474 |
| 187 | Reply to Response in Opposition as to Motion to Exclude | 4482-4494 |
| N/A | Minute Entry for voir dire (01/20/2023) | N/A |
| 191 | Trial Transcript Day 1 | 4512-4677 |
| 192 | Notice of Objections to Proposed Jury Instructions by USA | 4678-4692 |
| 193 | Notice of Defendants' Objections to Government's Proposed Jury Instructions | 4693-4712 |
| 194 | Trial Transcript Day 2 | 4713-4926 |
| N/A | Not. Order, Jan. 29, 2023 | N/A |
| 197 | Trial Transcript Day 3 | 4940-5145 |
| 198 | Trial Transcript Day 4 | 5146-5352 |
| 199 | Trial Transcript Day 5 | 5353-5494 |
| 201 | Trial Transcript Day 6 | 5500-5692 |
| 202 | Trial Transcript Day 7 | 5693-5825 |

{02035716-2}

| R. | Description | Page ID |
|---|---|---|
| 205 | Trial Transcript Day 8 | 5939-6065 |
| 206 | Trial Transcript Day 9 | 6066-6269 |
| 208 | Trial Transcript Day 10 | 6474-6638 |
| 211 | Trial Transcript Day 11 | 6642-6853 |
| 212 | Trial Transcript Day 12 | 6854-7037 |
| 213 | Trial Transcript Day 13 | 7038-7112 |
| 214 | Trial Transcript Day 14 | 7113-7264 |
| 216 | Trial Transcript Day 15 | 7415-7542 |
| 217 | Trial Transcript Day 16 | 7543-7736 |
| 219 | Trial Transcript Day 17 | 7804-7980 |
| 220 | Trial Transcript Day 18 | 7981-8047 |
| 224 | Trial Transcript Day 19 | 8110-8258 |
| 225 | Trial Transcript Day 20 | 8259-8378 |
| 226 | Proposed Jury Instructions by Larry Householder | 8379-8381 |
| 227 | Proposed Jury Instructions by USA | 8382-8385 |
| 228 | Trial Transcript Day 21 | 8386-8612 |
| 229 | Trial Transcript Day 22 | 8613-8818 |

17

| R. | Description | Page ID |
|----|-------------|---------|
| 237 | Trial Transcript Day 23 | 9342-9462 |
| 238 | Trial Transcript Day 24 | 9463-9618 |
| 239 | Trial Transcript Day 25 | 9619-9662 |
| 240 | Trial Transcript Day 26 | 9663-9673 |
| 260 | Jury Instructions | 10572-10645 |
| 261 | Jury Verdict as to Larry Householder | 10646 |
| 263 | Jury Verdict as to Matthew Borges | 10648 |
| 277 | PSR | 10952-10994 |
| 278 | Sentencing Memorandum by USA as to Larry Householder | 10995-11031 |
| 279 | Sentencing Memorandum by Larry Householder | 11032-11073 |
| 283 | Supplemental Memorandum Supporting Sentencing Memorandum by Larry Householder | 11137-11156 |
| 284 | Order Denying Motion to Strike as to Matthew Borges | 11157-11167 |
| 285 | Transcript of Proceedings as to Larry Householder Sentencing Hearing | 11168-11225 |
| 286 | Transcript of Proceedings as to Matthew Borges Sentencing Hearing | 11226-11284 |
| 288 | Judgment as to Larry Householder | 11308-11314 |

18

| R. | Description | Page ID |
|---|---|---|
| 292 | Am. Order Completing the Record | 11330-11331 |
| 292-1 | Am. Order Completing the Record Attachment A | 11537-11628 |
| 292-2 | Am. Order Completing the Record Attachment B | 11629-11649 |
| 293 | Notice of Appeal | 11650-11651 |
| 298 | Transcript of Proceedings, voir dire | 11661-11893 |

{02035716-2}