

Nicholas R. Oleski
Principal
Writer's Ext. 272
nro@mccarthylebit.com

July 9, 2024

*Via ECF*

Kelly L. Stephens
Clerk of Court
United States Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

      Re:   *United States v. Larry Householder*, **No. 23-3565 (6th Cir.)—Rule 28(j) letter**

Dear Ms. Stephens:

      The Supreme Court's recent decision in *Snyder v. United States*, 603 U.S. __ (June 26, 2024) (slip op.), supports reversal here. In *Snyder*, the Court distinguished bribes from gratuities and explained that "bribes are payments made or agreed to *before* an official act in order to influence the official with respect to that future official act." *Id.*, slip op. 1. Appellant Larry Householder asked the district court to instruct the jury that the alleged bribery agreement had to exist *before* Householder took or agreed to take official action—not after. (R. 237, Tr. 23-3661, PageID 9354); (*see* Appellant Br. 29-31). The district court—at the government's insistence—refused to give this instruction. (R. 237, Tr. 23-3663, PageID 9356). *Snyder* shows that this refusal is error. Under federal law, bribes and gratuities are

Kelly L. Stephens
Clerk of Court
July 9, 2024
Page 2 of 2

separate and distinct. The judge should have instructed the jury that the bribery predicates required payments (or an agreement to pay) before Householder took any official action.

      This is especially so given the nature of the government's evidence. The government contended that every contribution to Generation Now from FirstEnergy or FirstEnergy Solutions over a three-year period was a bribe "in return Householder taking specific official action for the benefit of FirstEnergy Corp. and FirstEnergy Solutions, namely, to help enact legislation that would go into effect and save the operation of the nuclear plants." (R. 237, Tr. 23-3715, PageID 9408). But at least $40 million of those contributions were made *after* Householder took official action to enact HB 6 (*i.e.*, after July 23, 2019 when the Governor signed that bill into law). (*See* GX 16, App'x 2). The jury should have been informed—consistent with *Snyder*—that those contributions could not be bribe payments because they were made after the government alleged Householder took official action to enact HB 6.

      This Court should vacate Householder's conviction.

      Respectfully submitted,

/s/ *Nicholas R. Oleski*

Nicholas R. Oleski

*Counsel for Larry Householder*

Word count: 307
cc:    All counsel of record (via ECF)

{02051624-2}