**No. 23-3565**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LARRY HOUSEHOLDER,

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Southern District of Ohio
Case No. 1:20-cr-77-1

---

**APPELLANT LARRY HOUSEHOLDER'S
OPPOSITION TO THE MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF IN SUPPORT OF THE
UNITED STATES**

---

The Court should not grant leave to permit the filing of an amicus curiae brief. "Amicus curiae" is traditionally defined as one who interposes "in a judicial proceeding to assist the court by giving information, or otherwise, or who conduct[s] an investigation or other proceeding on request or appointment therefor by the court." *United States v. Michigan,*

1

940 F.2d 143, 164 (6th Cir. 1991) (quoting 4 AM. JUR. 2d, Am. Cur. § 1, at 109 (1962)). The purpose of an amicus is "to provide impartial information on matters of law about which there was doubt, especially in matters of public interest." *Id.* (emphasis in original) (citations omitted). Thus, an amicus is "an impartial friend of the court—not an adversary party in interest in the litigation." *Id.* at 164-65 (emphasis in original) (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus., State of Mt.*, 694 F.2d 203, 204 (9th Cir. 1982)). An amicus does not "provide a highly partisan account of the facts, but rather [ ] aid[s] the court in resolving doubtful issues of law." *Id.* at 165 (citations omitted). Accordingly, amicus curiae have been "consistently precluded" from participating in litigation in "a totally adversarial fashion," or joining issues not joined by a party in interest. *Id.* (collecting cases). Participation as an amicus is a privilege within "the sound discretion of the courts," depending upon a finding that the proffered information is "timely, useful, or otherwise necessary to the administration of justice." *Id.* (quoting *N. Sec. Co. v. United States*, 191 U.S. 555 (1903)).

The amicus brief proffered by the Environmental Law & Policy Center, Campaign Legal Center, and the Brennan Center for Justice at New

2

York University School of Law (collectively, "amici") fails these standards. These amici offer is that they will argue that "[n]o campaign finance case espouses the proposition that the First Amendment protects the corrupt and knowing exchange of campaign contributions for official acts, nor provides reason to overturn the jury's guilty verdict here." (Dkt. 49, Amici Mot. 5). But that's an argument plastered all over the government's brief. (*See* Dkt. 47, Gov't Br. 43-57, 68-79). The Court does not need to hear the same argument twice.  In fact, amicus briefs that simply "duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief . . . are an abuse." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers).

Nor do their other proffered arguments warrant consideration by the Court.

That "the public utilities industry [allegedly] has a long history of quid pro quo bribery schemes" (Dkt. 49, Amici Mot. 5) does not justify leave for an amicus brief. Obviously, the jury here did not learn about this supposedly long history of corruption and whether bribery schemes involving public utilities date back to the nineteenth century (Dkt. 50, Amici Br. 15) has no relevance to this Court's decision. After all, the

3

{02082206-1}

federal corruption statutes do not "criminaliz[e] all acts of dishonesty by state and local officials." *Kelly v. United States*, 590 U.S. 391, 398 (2020). And if the state public utilities industry is as rife with corruption as amici say, the States are more than equipped to pass corruption laws to regulate that conduct,[1] but "federal prosecutors may not use property fraud statutes to set[ ] standards of disclosure and good government for local and state officials." *Id.* at 403 (cleaned up); see also *Ciminelli v. United States*, 598 U.S. 306, 312 (2023) ("[T]he fraud statutes do not vest a general power in the Federal Government . . . to enforce [its view of] integrity in broad swaths of state and local policymaking.") (cleaned up).

Although amici complain that the contributions to Generation Now were not campaign contributions warranting an explicit quid pro quo instruction (Dkt. 50, Amici Br. 22-25), the government never made that argument below and the district court instructed the jury that it had to find an explicit agreement. As a result, any such argument is waived and forfeited. *See McCormick v. United States*, 500 U.S. 257, 270 n.8 (1991) ("The Court of Appeals affirmed [defendant's] conviction on legal and

---

[1] In fact, according to amici, many have. (*See* Dkt. 50, Amici Br. 19-21).

4

factual theories never tried before the jury . . . . For that reason alone . . . the judgment must be reversed."). Amici should not be able to advance arguments not raised by the litigants themselves, and the Court cannot affirm based on an issue never tried before the jury.

For these reasons, the Court should deny amici's motion for leave. If the Court grants leave and permits the filing of an amicus brief, Householder respectfully requests that the Court permit him to file a supplemental brief to respond to the amicus brief.

Dated: September 12, 2024        Respectfully submitted,

/s/ *Steven L. Bradley*
Steven L. Bradley (0046622)
MAREIN & BRADLEY
526 Superior Avenue, Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com

/s/ *Nicholas R. Oleski*
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue East
Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Email: nro@mccarthylebit.com

*Counsel for Larry Householder*

5

## CERTIFICATE OF COMPLIANCE

This brief contains 798 words. This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski

*Counsel for Larry Householder*

{02082206-1}

## CERTIFICATE OF SERVICE

I certify that on September 12, 2024, I filed the foregoing electronically with the Clerk of the United States Court of Appeals for the Sixth Circuit. The Court's ECF system will automatically generate and send by email a Notice of Docket Activity to all registered attorneys currently participating in this case, constituting service on those attorneys.

*/s/ Nicholas R. Oleski*
Nicholas R. Oleski

*Counsel for Larry Householder*

{02082206-1}